UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MICHAEL BAKER,

    Petitioner,      Case No. 1:08-cv-459

v.              Honorable Paul L. Maloney

CINDI S. CURTIN,

    Respondent.
              /

## REPORT AND RECOMMENDATION

    This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving three concurrent terms of 11 to 25 years, imposed by the Wayne County Circuit Court on October 26, 2006, after Petitioner, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, pleaded *nolo contendere* under a *Cobbs*[1] agreement to armed robbery, MICH. COMP. LAWS § 750.529, kidnaping, MICH. COMP. LAWS § 750.349, and assault with intent to commit sexual penetration, MICH. COMP. LAWS § 750.520g(1). In his *pro se* petition, Petitioner raises three interrelated grounds for relief respecting his sentences:

  I.  APPELLANT IS ENTITLED TO RE-SENTENCING WHERE THE TRIAL COURT FAILED TO RESOLVE APPELLANT'S CHALLENGE TO THE INFORMATION UNDERLYING THE SCORING OF OV-3 AND DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHT TO BE SENTENCED ON THE BASIS OF ACCURATE INFORMATION.

  II.  APPELLANT IS ENTITLED TO RE-SENTENCING WHERE THE TRIAL COURT RELIED ON IMPROPERLY SCORED GUIDELINES, THIS

---

[1] *People v. Cobbs*, 503 N.W.2d 208 (Mich. 1993) (approving a procedure allowing the trial judge to provide a preliminary evaluation of an appropriate sentence in exchange for a plea, where the defendant is permitted to withdraw the plea if the judge later determines the agreed sentence to be inappropriate).

> ERROR DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHT TO BE SENTENCED ON THE BASIS OF ACCURATE INFORMATION.
>
> III. APPELLANT IS ENTITLED TO RE-SENTENCING WHERE DEFENSE COUNSEL AGREED TO A SCORE OF 5 POINTS FOR OFFENSE VARIABLE 3 ABSENT ANY EVIDENCE THAT BODILY INJURY NOT REQUIRING MEDICAL TREATMENT OCCURRED TO A VICTIM VIOLATING APPELLANT'S RIGHT TO DUE PROCESS OF LAW.

(Pet., 6-9, docket #1.) Respondent has filed an answer to the petition (docket #9) stating that the grounds should be denied because they are noncognizable state law claims which have no merit. Upon review and applying the AEDPA standards, I find that the grounds are either noncognizable or without merit. Accordingly, I recommend that the petition be denied.

## Procedural History

### A. Trial Court Proceedings

The state prosecution of which Petitioner complains arose from the armed robbery, kidnaping and threatened sexual assault of Julia Williams on March 23, 2006. *People v. Michael Baker*, Case No. 06-7617 (Wayne County). Petitioner was charged with one count each of armed robbery, kidnaping and attempted sexual assault with intent to commit sexual penetration. Following a preliminary examination on July 5, 2006, he was bound over on a charge of open murder. (Preliminary Examination (PE) Tr., 16-17, docket #12.) A supplemental information was filed charging Petitioner as a habitual offender, fourth offense.

Petitioner was tried before a jury beginning October 11, 2006, in a separate case involving the armed robbery of Jahnille Allen on March 22, 2006, the day before the robbery at issue in the instant case. Petitioner was found guilty in that case on October 12, 2006. *People v. Michael Baker*, Case No. 06-7618 (Wayne County). Julia Williams testified in the case of Jahnille Allen, and her evidence about the separate crimes against her were allowed under MICH. R. EVID. 404(b)

to show the issue of identity. The witness lists for both cases were identical. (*See* 4/27/06 Post-Con. Hrg. Tr., 20, 8, docket #20.) Following the guilty verdict in the Jahnille Allen case, Petitioner entered a plea of *nolo contendere* on all charges in the Julia Williams case, Case No. 06-7617, on the morning of October 12, 2006, at the time the trial was scheduled to begin. (Plea Tr., 5, docket #17.)

According to the summary of evidence at the plea hearing, the preliminary examination, and the testimony given by Williams in Case No. 06-7618, to which the parties stipulated at the plea hearing (Plea Tr., 8.), the facts were as follows. On March 23, 2006, Julia Williams was at an ATM machine belonging to Comerica Bank, which was located at 2740 Grand Boulevard in Detroit. (Plea Tr. 8-9; PE Tr., 4.) Petitioner approached Williams from behind, placed a hard object against her back, and told her to "give [him] all I got." (PE Tr., 5.) She withdrew $20.00 from the machine, which he snatched away. (*Id.* at 6.) As he took the money, Williams saw Petitioner's face. She identified Petitioner in court as the man who robbed her. (*Id.* at 6-7.) Petitioner then turned Williams away from the machine and pushed her toward the car. (*Id.* at 7.) He told her that he was going to take her and rape her. She told him that her son was in the car. (*Id.* at 6.) As they came to the car, Petitioner got in the back passenger seat because Williams' son was in the front seat. (*Id.* at 7.) Petitioner directed Williams through a variety of turns for about 20 minutes. (*Id.* at 7, 9.) Petitioner kept saying, "I'm about to rape you." (*Id.* at 8.) At one point, Petitioner ordered Williams to take a right, but she refused to do so because it was a dead end. She tried to make a left, but Petitioner grabbed the steering wheel, and the car ran up on the curb. (*Id.* at 8.) She said, "Okay, okay, just don't hurt me." (*Id.*) She began driving again, and they traveled on Euclid past the Joseph Walker Center. Petitioner said, "Stop right here. I'm about to rape you."

She responded, "You have to kill me before you do that to me in front of my son." (*Id.* at 8.) When she stopped, Petitioner opened his door. With one foot out the door, he reached over the seat and socked Williams in the right eye. (*Id.* at 8.)

After he hit her, Petitioner continued getting out of the car. Williams stepped on the gas and drove away quickly. (PE Tr., 8-9.) Petitioner stumbled out as she drove away. (PE Tr., 9.) Williams testified that she believed Petitioner was going to sexually assault her and she was afraid he was going to kill her. (*Id.*) Williams testified that she thought she recognized Petitioner from the hallways at Northwestern High School. (*Id.*) A few days after the incident, Williams attended a live lineup that included Petitioner. She identified Petitioner immediately and without hesitation. (PE Tr., 10.)[2]

As previously discussed, Petitioner pleaded *nolo contendere* on October 12, 2006, subject to a *Cobbs* agreement under which the court agreed to sentence Petitioner to a minimum at the low end of the guidelines range, which was preliminarily believed to be eleven years and three months, to a maximum of twenty-five years, to run concurrently with the sentence imposed in Case No. 06-7617. (Plea Tr., 2, 5, docket #17.) On October 26, 2006, Petitioner was sentenced as a fourth habitual offender to serve three terms of eleven years and three months to twenty-five years on the convictions for armed robbery, kidnaping and assault with intent to commit sexual penetration. (Sentencing Transcript, (S. Tr.), 17, docket #25.)

Petitioner, through appellate counsel, filed a motion to correct the sentence on April 18, 2007, which was denied by the court on April 19, 2007.

---

[2]Jahnille Allen separately attended the same lineup and also immediately identified Petitioner, whom she also identified in court. (*See* Trial Tr. I, Case No. 06-7617, 105, docket #16.) Allen's testimony was scheduled to be admitted in the Williams case. (*See* 4/27/06 Post-Con. Hrg. Tr., 20, 8, docket #20.)

### B. Direct Appeal

Petitioner sought leave to appeal to the Michigan Court of Appeals. His brief, which was filed by counsel on April 27, 2007, raised the same three issues as raised in this application for habeas corpus relief. (See Def.-Appellant's Br. on Appeal, docket #22.) By unpublished order issued May 31, 2007, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. (See 5/31/07 Mich. Ct. App. Ord., docket #22.)

Petitioner filed a pro per application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same three claims raised before and rejected by the Michigan Court of Appeals. By order entered October 29, 2007, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (See Mich. Ord., docket #23.)

### Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court

of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411;

*accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Where the circumstances suggest that the state court actually considered the issue, the review is not *de novo*. *Onifer*, 255 F.3d at 316. The review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harris*, 212 F.3d at 943.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

## **Discussion**

Petitioner's claims all involve the sentencing court's scoring of Offense Variable (OV) 3. Under the Michigan sentencing scheme, OV 3 assigns points for physical injury to a victim:

(1) Offense variable 3 is physical injury to a victim. Score offense variable 3 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

| | |
|---|---|
| (a) A victim was killed[3] | 100 points |
| (b) A victim was killed | 50 points |
| (c) Life threatening or permanent incapacitating injury occurred to a victim | 25 points |
| (d) Bodily injury requiring medical treatment occurred to a victim | 10 points |
| (e) Bodily injury not requiring medical treatment occurred to a victim | 5 points |
| (f) No physical injury occurred to a victim | 0 points |

MICH. COMP. LAWS § 777.33(1). Petitioner complains that he was improperly scored five points under OV 3, resulting in his final OV level being level III rather than level II, which increased his minimum guidelines range from 126 to 420 months to 135 to 450 months.

In his first habeas ground, Petitioner argues that there exists no evidence in the record to support a finding that the victim was injured. He therefore contends that he was denied due process because his sentence was based on inaccurate information. In his second habeas ground, Petitioner argues that OV 3 was improperly scored under Michigan law and was based on inaccurate information. In his third habeas ground, Petitioner argued that his trial-level attorney was constitutionally ineffective when he failed to object to the scoring of OV 3 at five points.

Claims concerning the improper scoring of the sentencing guidelines under Michigan law are state-law claims that typically are not cognizable in habeas corpus proceedings. *See Hutto*

---

[3] Under MICH. COMP. LAWS § 777.33(2)(b) and (c), various factors distinguish when the death of a victim should be scored at 100 points and when at 50 points.

*v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447

(1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Indeed, the guideline range applied to Petitioner was identical to the range that was preliminarily presented to Petitioner at the time of the plea. Further, Petitioner does not even argue that the facts found by the court at sentencing were materially false. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues only that the court's sentencing findings were not sufficiently supported on the record. Such claims clearly fall far short of the sort of egregious circumstances implicating due process. In addition, the plea and sentencing record included Williams testimony at both the preliminary examination and at Petitioner's trial for the robbery of Jahnille Allen that Petitioner punched Williams in her right eye before exiting her vehicle. That testimony alone provides sufficient evidence for a finding that Williams was injured to the lowest extent contemplated under the variable. For all these reasons, the state-court's rejection of Petitioner's due process claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

Petitioner's third ground for habeas relief – that trial counsel was ineffective for failing to object to the scoring of OV 3 – also is denied. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. A claim of ineffective assistance of counsel presents a mixed question of law and fact. Accordingly, the Court must apply the "unreasonable application" prong of § 2254(d)(1). *See Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003).

The state-courts' denial of Petitioner's third ground for relief was an entirely reasonable application of established Supreme Court precedent. As previously discussed, the scoring of OV 3 was adequately supported by the record evidence that he punched the victim in the

right eye. Petitioner has provided no basis for suggesting that a punch in the eye does not constitute an injury, however minor. He therefore has failed to overcome the presumption that counsel concluded that an objection to the scoring of OV3 would be unavailing. Counsel's failure to make a meritless motion does not constitute ineffective assistance of counsel. *See Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311 (6th Cir. 2004); *A.M. v. Butler*, 360 F.3d 787, 795 (7th Cir. 2004); *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990); *United States v. Wright*, 573 F.2d 681, 684 (1st Cir. 1978).

Moreover, in negotiating the agreement and accepting the scoring of OV 3 at five points, defense counsel was able to obtain the prosecution's concurrence in scoring OV 19 and OV 8 at zero instead of at ten and fifteen points, respectively.[4] The sentencing transcript reflects that the prosecutor and defense counsel stipulated to changes in the scoring of all three variables from those contained in the presentence report, thereby reducing the bottom of the minimum sentencing guideline range from 171 to 135. (S. Tr., 3-4.) Thus, the record wholly supports the presumption that defense counsel's agreement to scoring OV 3 at five points was both strategic and clearly to Petitioner's advantage.

Finally, Petitioner cannot show prejudice. In order to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The prejudice prong "focuses on the question whether counsel's deficient performance renders the result

---

[4]OV 8 involves the asportation or captivity of a victim, and fifteen points would be scored if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MICH. COMP. LAWS § 777.38(1)(a). Under OV 19, an offender is scored ten points if he "interfered with or attempted to interfere with the administration of justice." MICH. COMP. LAWS § 777.49(c).

of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

In the instant case, appellate counsel filed a post-trial motion to correct the sentence based on the alleged miscalculation of OV 3, which the trial court summarily denied. Both because the record supported the conclusion and because the trial court expressly rejected the argument, Petitioner fails to demonstrate that, "but for counsel's errors, the result of the proceeding would have been different."

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied.


Date: January 5, 2010  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).