UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BAKER,
         Petitioner,

                                                  No. 1:08-cv-459

-v-

                                        HONORABLE PAUL L. MALONEY

CINDI S. CURTIN,
         Respondent.

ORDER DENYING PETITIONER'S MOTION FOR RELIEF

Before this court is Petitioner's motion for relief (Dkt. No. 28) filed under Fed. R. Civ. P. 60(b)(1). Petitioner filed a habeas action in 2008. On January 5, 2010, the magistrate judge issued a report recommending the action be denied. Petitioner did not file any objections and on February 2, 2010 an order adopting the report and recommendation issued along with a judgment against Petitioner. On April 22, 2010, Petitioner filed this motion for relief.

Under Rule 60(b)(1) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." The United States Supreme Court has held that "[a]t least for the purposes of rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). When determining whether a party's untimely filing constitutes "excusable neglect," a court should consider (1) the danger of prejudice to the non-moving party, (2) the length of the delay, (3) the delay's potential impact on judicial proceedings, (4) the reason for the delay, including whether it was within the reasonable control of the moving party, and (5) whether the moving party acted in good faith. *Id.* at 395; *see Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th

Cir. 2001) ("*Pioneer* stands for the proposition that a district court should consider the five factors enumerated above in cases where procedural default prevented a court from considering the true merits of a party's claim."); *Marshall v. Employers Health Ins. Co.*, Nos. 96-6063 and 96-6112, 1997 WL 809997, at * 7 (6th Cir. Dec. 30, 1997) (holding that, in cases involving untimely filings and Rule 60(b)(1) motions, a court should grant the motion when the factors outlined in *Pioneer* weigh in favor of the party attempting to file out-of-time). Neither carelessness nor ignorance of the law constitute excusable neglect justifying relief under Rule 60(b)(1). *Merriweather v. Wilkinson,* 83 F.App'x 62, 63 (6th Cir. 2003) (involving a pro se prisoner) (citing *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 685-87 (6th Cir. 1999) and *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 558 n. 1 (6th Cir. 1996)).

Petitioner justifies his failure to file any documents by arguing that his circumstances warrant an excuse. Petitioner alleges he was housed in segregation when the judgment issued and he remains in segregation. Petitioner alleges he lacks a GED and is not knowledgeable in the law. He was scheduled to receive assistance through the prison's paralegal program, but the earliest appointment time available occurred after the 30-day deadline to file an appeal under Fed. R. App. P. 4(a). Petitioner alleges he has valid objections to the magistrate judge's report and recommendation.

Petitioner is not entitled to the relief he seeks. In the report and recommendation, the magistrate judge clearly identified the deadline for filing objections and the consequences for failing to file objections. Despite this warning, Petitioner did not timely file any objections. Neither did Petitioner file any motion for an extension of time. Disregard for a court's deadlines does not constitute excusable neglect. Petitioner's ignorance of the law does not constitute excusable neglect

under the rule. Petitioner's confinement to segregation when the judgment issued, some 28 days after the report and recommendation was issued, does not explain Petitioner's failure to file objections and does not constitute excusable neglect. *See Tippen v. Wisconsin Dep't of Corr.*, No. 04-c-970, 2006 WL 572384, at * 1 (E.D. Wis. Mar. 7, 2006) ("[T]he fact that the plaintiff is *currently* in segregation does not explain why she did not file a response to the motion for summary judgment in the appropriate time period. Moreover, in the event that plaintiff was in segregation during the pendency of defendant Magoline's motion for summary judgment, she could have file another motion to extend the deadline for responding to the motion but she did not do so.").

For these reasons, Petitioner's motion for relief from judgment (Dkt. No. 28) is **DENIED. IT IS SO ORDERED.**

Date:   April 29, 2010               /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge